# IN UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: _____

Angela Edwards,

    Plaintiff,

United Auto Credit Corporation,

    Defendant.

## COMPLAINT

For this Complaint, the Plaintiff, Angela Edwards, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act 47 U.S.C. § 227, *et seq.* (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. Plaintiff, Angela Edwards ("Plaintiff"), is an adult individual residing in Brush, Colorado, and is a "person" as defined by 47 U.S.C. § 153(39).

4. Defendant United Auto Credit Corporation ("United"), is a California business entity with an address of 1071 Camelback Street, Suite 100, Newport Beach, California 92660, and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTS

5. Within the last year, United began placing calls to Plaintiff's cellular telephone, number 970-xxx-0437.

6. United placed calls to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS").

7. When Plaintiff answered calls from United, she heard silence and had to wait on the line to be connected to the next available representative.

8. Plaintiff does not have an account with United.

9. Plaintiff has no business relations with United and never requested by an agreement or otherwise that she be contacted.

10. Plaintiff never provided her cellular telephone number to United and never provided her consent to United to be contacted on her cellular telephone.

11. In October, 2019, Plaintiff spoke with United in an effort to get the calls to stop. Plaintiff advised United that she was being called in error and directed United to remove her number from the account and cease all communications with her.

12. Nevertheless, United continued to place automated calls to Plaintiff.

## COUNT I
## VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, *et. seq.*

13. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14. At all times mentioned herein and within the last year, Defendant called Plaintiff on her cellular telephones using an ATDS or predictive dialer.

15. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials

consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

16. Defendant's telephone systems have some earmarks of a Predictive Dialer.

17. When Plaintiff answered the phone, she was met with a period of silence before Defendant's telephone system would connect her to the next available representative.

18. Defendant's Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

19. Plaintiff never provided her cellular telephone to Defendant and never provided her consent to be contacted on her cellular telephone, and in fact instructed Defendants to stop all calls to her.

20. In the event Defendant at one time had consent to contact Plaintiff on her cellular telephone, Plaintiff revoked her consent by her demand to cease calls to her cellular telephone.

21. Defendant contacted Plaintiff by means of automatic telephone calls to her cellular phone knowing that it lacked consent to call her number. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

22. The telephone number called by Defendant was and is assigned to a cellular telephone serviced by Verizon for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

23. Plaintiff was annoyed, harassed and inconvenienced by Defendant's continued calls.

24. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

25. Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

26. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

C. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: May 6, 2020

    Respectfully submitted,

    By  /s/ *Sergei Lemberg*

    Sergei Lemberg, Esq.
    CT Bar No.: 425027
    LEMBERG LAW LLC
    43 Danbury Road, 3rd Floor
    Wilton, CT 06897
    Telephone: (203) 653-2250
    Facsimile: (203) 653-3424
    E-mail: slemberg@lemberglaw.com
    *Attorneys for Plaintiff*

    <u>Plaintiff:</u>
    Angela Edwards
    311 Carson Street Apt 206
    Brush, CO 80723